IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT D. ROBERTS, #342232          *
    Plaintiff,
v.                                   * CIVIL ACTION NO. GJH-14-2632

DR. MICHAEL DUDAS                    *
EASTERN CORRECTIONAL INSTITUTION
DEPT. OF CORR. PUBLIC SAFETY &       *
  CORR. SERVICES MEDICAL ADMIN.
    Defendants.                    *
                      *****

## MEMORANDUM

In this 42 U.S.C. § 1983 prisoner civil rights action, received for filing on August 15, 2014, Robert Roberts ("Roberts') seeks injunctive relief and $300,000.00 in damages. Roberts alleges that he underwent hernia surgery in 2008, while confined at the Eastern Correctional Institution, and the surgeon who performed the procedure placed a "faulty mesh' inside of him. He asserts that in 2013, he began to have "pains and problems in this area" and when seen by facility doctors he was removed from the Chronic Care Clinic. ECF No. 1. Robert complains that he is experiencing "irritated feelings" in the area and pain coupled with problems urinating and he has been informed that the mesh may in fact be "faulty."[1] *Id*. He maintains that the surgeon and Department of Correction should have taken all measures to "call back inmates that [had] 'faulty' mesh" surgically

---

[1] In an attachment to his complaint, Roberts complains that from September of 2013 to March of 2014, he has been requesting his medical records without success. He claims that he has been "suffering pains when urinating, climbing in and out of bed and suffer[s] a burning sensation days at a time." ECF No. 1 at attachment. He seeks treatment at Franklin Square, University of Maryland, or Johns Hopkins Hospitals. *Id*.

implanted. Because he appears indigent, Roberts's motion to proceed in forma pauperis shall be granted. His cause of action shall, however, be summarily dismissed.

First, Roberts names the Eastern Correctional Institution ("ECI") and the Department of Public Safety & Correctional Services ("DPSCS") as defendants. The ECI is a free-standing prison facility. A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Moreover, defendant DPSCS is a principle department of the State government. *See* Md. Code. Ann., Corr. Servs., Art., § 2-101. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000). Therefore, Roberts may not maintain a § 1983 action against either ECI or DPSCS as defendants.

Next, if it was Roberts's intention to sue defendant Michael Dudas under a theory of medical malpractice with regard to injury caused by the alleged faulty mesh inserted during his 2008 hernia surgery,[2] his claim fares no better. This court possesses limited original jurisdiction. It does not sit

---

[2] A hernia is a weakness or hole in the abdominal muscle wall through which abdominal

to review every claim related to alleged tortious conduct involving non-federal parties.[3] It only has authority to review such claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Both plaintiff and defendant Dudas reside in Maryland. Therefore, the complaint does not satisfy diversity of citizenship requirements.

---

contents (often the intestines or other parts of the bowel) protrude causing a bulge. Repair of abdominal hernias using surgical mesh is now used routinely to support the body wall in either an open operation or in a laparoscopic hernia repair. *See* www.charlesimber.co.uk/treatments

[3] To the extent that Roberts claims medical negligence with regard to the procedure performed at Peninsula Regional Medical Center, his allegations are not reviewable by the court under the Eighth Amendment because negligence is not actionable under 42 U.S.C. § 1983. *See Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986); *Daniels v. Williams,* 474 U.S. 327, 333-34, (1986); *Estelle,* 429 U.S. at 106. Moreover, Roberts is required to comply with the requirements of Maryland's Health Care Malpractice Claims Act ("HCMCA") prior to bringing a medical malpractice claim in state courts. He must exhaust his medical malpractice claim before the Maryland Health Claims Alternative Dispute Resolution Office as a condition precedent to any judicial action. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02. This exhaustion requirement applies to claims of medical malpractice filed in federal courts. *See Davison v. Sinai Hospital of Baltimore, Inc.,* 462 F. Supp. 778, 779-81 (D. Md. 1978*); see also Lewis v. Waletzky,* 576 F. Supp. 732, 736-387 (D. Md. 1978). Roberts's medical malpractice claim shall be dismissed without prejudice. *See, e.g. Octopi v. McGowan,* 294 Md. 83, 447 A.2d 860, 864-65 (Md. 1982) (holding that the condition precedent of exhaustion does not take away the subject matter jurisdiction of a state circuit court to hear and render judgments in cases involving claims that fall within the Health Care Malpractice Claims Act).

In the absence of naming a defendant subject to § 1983 liability the cause of action shall be dismissed without requiring service of process on defendants. Further, because Roberts has at present failed to set out a viable Eighth Amendment medical claim involving the denial of medical care,[4] his underlying complaint shall be dismissed without prejudice. Roberts may refile his complaint naming proper party defendants and setting out viable factual allegations. A separate Order shall be entered reflecting the opinion set out herein.

Date: September 3, 2014

_____
JUDGE GEORGE JARROD HAZEL
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---

[4] In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

4